**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE GREEN PET SHOP ENTERPRISES, LLC<br><br>                    Plaintiff,<br><br>        vs.<br><br>MAZE INNOVATIONS, INC<br><br>                    Defendant. | CASE NO. 15-cv-1138<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff The Green Pet Shop Enterprises, LLC  complains against Maze Innovations, Inc., dba Hugs Pet Products as follows:

### NATURE OF THE ACTION

1.      This is a civil action for infringement of United States Patent No. 8,720,218 (the "'218 Patent" or "Patent-in-Suit").

### THE PARTIES

2.      Plaintiff The Green Pet Shop Enterprises, LLC ("Green") is an Illinois limited liability company having a place of business at 770 Lake-Cook Rd., Suite 120, Deerfield, Illinois 60015. Green was created with the vision of manufacturing and bringing to market high quality, unique eco-friendly pet products.

3.      On information and belief, Defendant Maze Innovations, Inc. ("Maze") is a Missouri corporation having a principal place of business located at 4059 State Highway A, Montreal, Missouri 65591.

## JURISDICTION

4.      This action arises under the patent laws of the United States, e.g., 35 U.S.C. §§ 1 et seq., 271, 281, 283-285. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## VENUE

5.      Defendant Maze is subject to personal jurisdiction in this Court because it has conducted and conducts significant business in the State of Illinois, and in this judicial district. Accordingly, this Court has personal jurisdiction over Maze.

6.      Defendant Maze, directly or through intermediaries (including distributors, retailers, and others), imports ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Illinois and the Northern District of Illinois.

7.      Defendant Maze has purposefully and voluntarily placed one or more of its infringing products, as described herein, into the stream of commerce with the expectation that they will be purchased by consumers in the Northern District of Illinois. These infringing products have been and continue to be purchased by consumers in the Northern District of Illinois.

8.      Defendant Maze has committed the tort of patent infringement within the State of Illinois and, particularly in the Northern District of Illinois.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and/or 1400 because Maze regularly conducts business in this judicial District, and/or because certain of the acts complaint of herein occurred in this judicial District.

## **FACTUAL BACKGROUND**

10.     The inventor of the '218 Patent is Gerard E. Prendergast. The application was filed on April 14, 2010 and on May 13, 2014, the United States Patent and Trademark Office duly and legally issued the '218 Patent, entitled "Pressure Activated Recharging Cooling Platform" after a full and fair examination, and relates to temperature controlled platforms for pets.

11.     The '218 Patent was assigned to Green on February 9, 2012. Green is the lawful owner by assignment of all rights, title and interest in and to the '218 Patent and possesses all rights of recovery under the '218 Patent, and has standing to sue for infringement of the Green Patent.  A true and correct copy of the '218 Patent is attached hereto as Exhibit 1.

12.     The '218 Patent is valid and enforceable.

13.     Upon information and belief, Maze makes, imports into the United States, offers for sale, sells, and/or uses in the United States pet products, including, without limitation, a pet bed such as the "Chilly Mat" and "Pet Gel Mat" products. See Exhibit 2. Maze's infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Maze.

14.     At least the "Chilly Mat" and "Pet Gel Mat" products are covered by one or more claims of the '218 Patent.

15.     On June 16, 2014, counsel for Green notified Maze that its "Chilly Mat" and "Pet Gel Mat" products infringed one or more claims of the '218 Patent. Maze has never responded to Green's correspondence.

16.     Maze has continued to manufacture, import and offer for sale pet products, including its "Chilly Mat" and "Pet Gel Mat" products.

## COUNT I: PATENT INFRINGEMENT

17.     Green incorporates each of the preceding paragraphs as if fully set forth herein.

18.     Upon information and belief, Maze has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalence, the '218 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling products that fall within the scope of at least one claim of the '218 Patent without license or authorization. Such acts constitute infringement under at least 35 U.S.C. § 271 (a), (b) and (c).

19.     Upon information and belief, Maze has been aware of the '218 Patent since at least approximately July 17, 2012, when the '218 Patent was first published by the United States Patent and Trademark Office, and again on June 16, 2014, when a Notice of Infringement was sent to Maze on behalf of Green. Maze has never responded to Green's correspondence. Its infringement has therefore been reckless, without objective basis, and willful.

20.     Upon information and belief, Maze has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers and/or business partners in this judicial district and throughout the United States). Maze has also knowingly contributed to infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing pet products, which are not a staple article of commerce capable of substantial non-infringing use.

21.     As a direct and proximate consequence of the infringement, Green has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

22.     Green is entitled to recover from Maze the damages sustained by Green as a result of Maze's wrongful acts in an amount subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Green asks this Court to enter judgment against Maze and against its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.      That this Court adjudge that Maze has infringed one or more of the claims of the '218 Patent.

B.      That this Court ascertain and award Green actual and treble damages from the infringement of one or more claims of the '218 Patent, together with prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

C.      That this Court find this case to be exceptional and award reasonable attorneys' fees, costs, and expenses in this action to Green, pursuant to 35 U.S.C. § 285;

D.      A preliminary and permanent injunction prohibiting further infringement, inducement and contributory infringement of the Green Patent pursuant to 35 U.S.C. § 283

E.      That Maze account for all gains, profits, and advantages derived by its infringement of the '218 Patent in violation of 35 U.S.C. § 271, and that Maze pay to Green all damages suffered by Green; and

E.      Such other and further relief as this Court or a jury may deem proper and just.

/////

/////

/////

## JURY DEMAND

Green demands a trial by jury on all issues so triable.


Dated: February 4, 2015                          The Green Pet Shop Enterprises LLC


                                                 By:  /s/ Reid E. Dammann
                                                 Reid E. Dammann (CA No. 249031)
                                                 MUSICK PEELER & GARRETT, LLP
                                                 624 South Grand Avenue, 20th Floor
                                                 Los Angeles, CA  90017
                                                 T:  213-629-7611
                                                 F: 213-624-1376
                                                 E: R.Dammann@mpglaw.com

                                                 Grant Blumenthal (Il. No. 6238437)
                                                 Blumenthal Law Group PC
                                                 180 N. LaSalle Street, Suite 3700
                                                 Chicago, Illinois 60601
                                                 T: (312) 981-5055
                                                 F: (312) 416-7963
                                                 E: gblumenthal@blumenthal-law.com

                                                 Attorneys for Plaintiff
                                                 The Green Pet Shop Enterprises LLC